IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| Duval Cardwell,<br><br>　　　　　　　　　Plaintiff,<br><br>　　- versus -<br><br>Britney Jones and Jordan McClurkin, in their individual capacities,<br><br>　　　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT** |

## COMPLAINT AND JURY DEMAND

Plaintiff Duval Cardwell, by way of complaint against Britney Jones and Jordan McClurkin, in their individual capacities, alleges as follows:

1. This dispute arises from the defendants' arrest of Duval Cardwell without probable cause, in violation of the Fourth Amendment and Georgia state law. After his arrest in 2021, Cardwell was incarcerated until his acquittal in 2024. He brings suit now to seek damages arising from the violation of his constitutional rights.

## THE PARTIES

2. Duval Cardwell is a Georgia domiciliary.

3. Britney Jones worked for the Richmond County Sheriff's Office. She is the officer who applied for Cardwell's arrest warrant. She works in Augusta, Georgia.

4. Jordan McClurkin worked for the Richmond County Sheriff's Office. He is the law enforcement officer who first took Cardwell into custody. He works in Augusta, Georgia.

## **SUBJECT MATTER JURISDICTION**

5.      The Court has jurisdiction over this matter pursuant to 28 USC § 1331.

## **VENUE**

6.      Venue is proper pursuant to 28 USC § 1391(b)(1) because all parties are residents of the Southern District of Georgia.

## **JURY DEMAND**

7.      Pursuant to the Seventh Amendment to the United States Constitution, Cardwell requests a jury trial on all issues and claims in this Complaint.

## **FACTUAL ALLEGATIONS**

**I.      Cardwell Has an Argument with His Wife**

8.      Cardwell was married to Kristy Jones.  They lived together in Augusta, Georgia, in 2021.

9.      Cardwell is a large Black man, standing at a height of [height] and weighing at the time approximately 230 pounds.  Kristy Jones is a smaller white woman, standing five feet, six inches tall and weighing at the time approximately 160 pounds.

10.     Cardwell and Kristy Jones had an argument on the evening of November 22, 2021.  Jones made a video of the argument, reflecting that Cardwell was calm during the argument and that Jones was not.

11.     During the argument, Kristy Jones threw a vase and two glasses at Cardwell.  In response, Cardwell called the police to their home.  Kristy Jones then departed the house.  When the police arrived, Cardwell showed them the video he had made.  The police made no arrests and left.

12.     After the police left, Kristy Jones returned.  She threatened to damage

Cardwell's piano, and so Cardwell called the police again. The police came to the home a second time and, again, did not arrest anyone.

13. After the second visit, Kristy Jones threatened Cardwell with a knife. Cardwell grabbed her wrist to prevent her from stabbing him with the knife. Thereafter, Kristy Jones called the police. When the police arrived, Kristy Jones claimed that Cardwell attacked her with the knife. Even though Kristy Jones had no knife attack wound, the police arrested Cardwell.

**II.     Cardwell is Held in Jail For Three Years**

14. Following his arrest for assault and possession of a knife during the commission of a crime, Cardwell was held in jail from November 2021 until his acquittal in 2024.

15. Cardwell's first bond hearing was nine months after his arrest, in August 2022. The court recognized that he was not a danger to the community or a flight risk, but did not know where he could reside besides the same house as Jones, where the court did not want him to go. Accordingly, it adjourned the bond hearing and kept Cardwell remanded for four more months.

16. At a second bond hearing, the Court permitted Cardwell to be released on $20,000 bond, but Cardwell did not have the funds to pay the bond, and so he stayed in custody through trial.

17. At trial in August 2024, a jury acquitted Cardwell, and he was finally released from custody.

**III.    There Was No Probable Cause to Arrest or Detain Cardwell**

18. There was never sufficient probable cause to justify arresting or detaining Cardwell.

19. To begin, a forensic examination revealed that Cardwell's fingerprints were not

on the knife that the government alleged Cardwell used to attack Kristy Jones. Nor did the examination reveal any blood on the knife.

20. Next, Kristy Jones did not have a knife wound. Upon information and belief, she had sustained a cut that she treated with a Band-Aid, but had no signs of the knife wound she had reported to the police. This should have been apparent to the arresting officers.

21. Third, Cardwell is a much larger person than Kristy Jones. If an assault had taken place, the police should have discovered more evidence than a small cut on Kristy Jones's thumb.

22. Fourth, Cardwell called the police twice before Kristy Jones called. Not only did the police ignore his complaints, but the fact that he called the police – multiple times – undermines the claim that Cardwell intended to assault Kristy Jones.

23. And finally, Cardwell had video evidence of the dispute that revealed Kristy Jones acting in an erratic manner and him remaining calm.

### COUNT I

**VIOLATION OF THE FOURTH AMENDMENT, PURSUANT TO 42 U.S.C. § 1983
(MALICIOUS PROSECUTION)**

24. Cardwell hereby incorporates by reference all of the preceding paragraphs.

25. The Fourth Amendment establishes a citizen's right to be free from unreasonable searches and seizures.

26. Defendants acting individually, in concert, and in conspiracy with one another while in their investigative capacities, deliberately ignored exculpatory evidence and proceeded to arrest and detain Cardwell without probable cause that he committed the crimes for which he was charged.

27. The Defendants acted with malice when ignoring the exculpatory evidence. In particular, they ignored Cardwell's repeated calls for police assistance. And the disparate treatment the Defendants gave to Cardwell, a Black man, and Kristy Jones, a white woman, indicate racial bias.

28. The Defendants' arrest foreseeably caused Cardwell to remain in jail for nearly three years.

29. Defendants' misconduct deprived Cardwell of his constitutional rights under the Fourth Amendment of the United States Constitution not to be deprived of liberty or property without probable cause by government officials acting under color of state law.

30. Defendants performed the above-described acts under color of state law, in their capacities as law enforcement officers.

31. Defendants' actions caused Cardwell to suffer damages arising from his three years' incarceration, lost income, and pain and suffering.

## COUNT II

### VIOLATION OF ARTICLE I, SECTION I, PARAGRAPH 13 OF THE GEORGIA CONSTITUTION

32. Cardwell hereby incorporates by reference all of the preceding paragraphs.

33. Article I, Section I, Paragraph 13 of the Georgia Constitution establishes a citizen's right to be free from unreasonable searches and seizures.

34. As set forth above, the Defendants unreasonably and maliciously seized Cardwell, causing him damages.

## COUNT III

## MALICIOUS PROSECUTION

35. Plaintiffs hereby incorporate by reference all of the foregoing paragraphs.

36. The elements of the common law tort of malicious prosecution include (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused.

37. The Defendants arrested Cardwell, commencing a criminal prosecution against him.

38. The Defendants acted with malice and without probable cause because they ignored exculpatory evidence and acted in a racially discriminatory manner by treating his complaints different from those lodged by his white wife.

39. A jury acquitted Cardwell.

40. The Defendants' acts caused Cardwell to be incarcerated for three years, causing him damages.

## PRAYER FOR RELIEF

WHEREFORE, Cardwell respectfully prays that this Court issue the following relief:

a. That Cardwell be awarded all compensatory, general, and special damages permitted by law;

b. That Plaintiffs be awarded his expenses of litigation, including reasonable attorneys' fees pursuant to, among other laws, 42 U.S.C. § 1988;

c. That punitive damages be awarded against Defendants in an amount to be determined by a jury; and

d. Any additional relief this Court deems just and proper.

                                                OBERHEIDEN, P.C.

Dated:  New York, New York         */s/ William H. Newman*
             February 14, 2025            William H. Newman, Esq.
                                                Georgia Bar Number 755922
                                                30 Wall Street, Eighth Floor
                                                New York, New York 10005
                                                Tel: (212) 970-9468
                                                Fax: (972) 559-3365
                                                will@federal-lawyer.com