IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| DUVAL CARDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. 1:25-cv-00043 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| BRITNEY JONES and JORDAN | ) | **BRITNEY JONES** |
| MCCLURKIN, in their individual | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES the defendant Britney Jones, now known as Britney Moore ("Investigator Jones") and files her Answer to the plaintiff's Complaint as follows:

## FIRST DEFENSE

The plaintiff's Complaint fails to state a claim against Investigator Jones upon which relief can be granted and should be dismissed.

## SECOND DEFENSE

The plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

## THIRD DEFENSE

Investigator Jones asserts the defenses of privilege, legal justification, and any and all statutory defenses and immunities available to her as a public officer.

## FOURTH DEFENSE

The plaintiff's claims against Investigator Jones are barred, in whole or in part, by the doctrine of qualified immunity from suit and liability.  Investigator Jones did not violate any

clearly established constitutional rights of which a reasonable official would have known, under the facts and circumstances available to her, and she is, therefore, entitled to qualified immunity.

## FIFTH DEFENSE

Investigator Jones at all times herein mentioned acted in good faith, without malice and within the scope of her duties as an officer and/or agent of the Sheriff of Richmond County, and she is, therefore, immune from the allegations of the plaintiff's Complaint.

## SIXTH DEFENSE

Any claims by the plaintiff under state law against Investigator Jones are barred, in whole or in part, by the official immunity afforded to her pursuant to Art. I, Sec. II, Para. IX of the Georgia Constitution.

## SEVENTH DEFENSE

All procedures utilized by Investigator Jones were reasonable and resulted in no damage to the plaintiff for which Investigator Jones is liable.

## EIGHTH DEFENSE

The plaintiff's claim for false arrest fails as a matter of law because the plaintiff was arrested pursuant to a warrant and prosecuted.

## NINTH DEFENSE

The plaintiff's claim for malicious prosecution fails as a matter of law because he was arrested pursuant to a warrant supported by probable cause.

## TENTH DEFENSE

The plaintiff's claims are barred by his own negligence and misconduct.

## ELEVENTH DEFENSE

The plaintiff's claims are barred by fraud and illegality.

**TWELFTH DEFENSE**

The plaintiff's claims are barred in whole or in part by the statute of limitations.

**THIRTEENTH DEFENSE**

The plaintiff's claims for punitive damages and attorney's fees are barred by statutory, constitutional, and common law.

**FOURTEENTH DEFENSE**

The plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and applicable provisions of the Constitution of the State of Georgia on the following grounds:

a.      It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive or exemplary damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

b.      The procedures pursuant to which punitive or exemplary damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution.

c.      The procedures pursuant to which punitive or exemplary damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

d.      The procedures pursuant to which punitive or exemplary damages are awarded fail to provide specific standards for the amount of the award of such damages, which thereby violate the due process clause of the Fourteenth Amendment to the United States Constitution.

e.      The procedures pursuant to which punitive or exemplary damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the equal protection clause of the Fourteenth Amendment to the United States Constitution.

f.      The procedures pursuant to which punitive or exemplary damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and the excessive fines clause of the Constitution of the State of Georgia in that this defendant has no protection against disproportionate punishment allowed by recovery of such damages.

g.      Allowing punitive or exemplary damages to be imposed by jurors as they think best offends the basic concept of due process, namely, the right of an individual to be free from arbitrary action by the government.

## FIFTEENTH DEFENSE

Investigator Jones answers the specific allegations of the plaintiff's Complaint as follows:

1.      In response to the allegations contained in paragraph numbered 1 of the plaintiff's Complaint, Investigator Jones admits that plaintiff was incarcerated for some period of time; is uncertain as to the exact dates; and denies the remaining allegations contained in said paragraph.

2.      Investigator Jones is without knowledge or information sufficient to form a basis of belief as to the allegations contained in paragraph numbered 2 of the plaintiff's Complaint.

3.      Investigator Jones admits the allegations contained in paragraph numbered 3 of the plaintiff's Complaint.

4.      In response to the allegations contained in paragraph numbered 4 of the plaintiff's Complaint, Investigator Jones states that she recognizes the name but is without knowledge or

information sufficient to form a basis of belief as to the remaining allegations contained in said paragraph.

5.     Investigator Jones admits the allegations contained in paragraph numbered 5 of the plaintiff's Complaint.

6.     In response to the allegations contained in paragraph numbered 6 of the plaintiff's Complaint, Investigator Jones admits that she is a resident of Augusta, Georgia but is without knowledge or information sufficient to form a basis of belief as to the remaining allegations contained in said paragraph.

7.     Investigator Jones admits that the plaintiff makes a request for a jury trial.

8.     Investigator Jones is without knowledge or information sufficient to form a basis of belief as to the allegations contained in paragraph numbered 8 of the plaintiff's Complaint.

9.     In response to the allegations contained in paragraph numbered 9 of the plaintiff's Complaint, Investigator Jones admits that the plaintiff is a black male; admits that the plaintiff's wife (identified to Investigator Jones as Kristy Cardwell) is white; admits that the plaintiff appears larger than the plaintiff's wife; and is without knowledge or information sufficient to form a basis of belief as to the remaining allegations contained in said paragraph.

10.     In response to the allegations contained in paragraph numbered 10 of the plaintiff's Complaint, Investigator Jones admits upon information and belief that one or more arguments occurred between the plaintiff and his wife the evening of November 22, 2021, but is without knowledge or information sufficient to form a basis of belief as to the remaining allegations contained in said paragraph.

11.     In response to the allegations contained in paragraph numbered 11 of the plaintiff's Complaint, Investigator Jones admits upon information and belief that one or more

arguments occurred between the plaintiff and his wife the evening of November 22, 2021 which led to officers being dispatched to their residence, but is without knowledge or information sufficient to form a basis of belief as to the remaining allegations contained in said paragraph.

12.    In response to the allegations contained in paragraph numbered 12 of the plaintiff's Complaint, Investigator Jones admits upon information and belief that one or more arguments occurred between the plaintiff and his wife the evening of November 22, 2021 which led to officers being dispatched to their residence, but is without knowledge or information sufficient to form a basis of belief as to the remaining allegations contained in said paragraph.

13.    In response to the allegations contained in paragraph numbered 13 of the plaintiff's Complaint, Investigator Jones admits upon information and belief that one or more arguments occurred between the plaintiff and his wife the evening of November 22, 2021 which led to officers being dispatched to their residence; admits that the plaintiff was ultimately arrested as the result of a reported attack upon his wife; denies that the plaintiff's wife (identified to Investigator Jones as Kristy Cardwell) "had no knife attack wound;" and is without knowledge or information sufficient to form a basis of belief as to the remaining allegations contained in said paragraph.

14.    In response to the allegations contained in paragraph numbered 14 of the plaintiff's Complaint, Investigator Jones admits upon information and belief that the plaintiff was incarcerated for some period of time but is without knowledge or information sufficient to form a basis of belief as to the remaining allegations contained in said paragraph.

15.    Investigator Jones is without knowledge or information sufficient to form a basis of belief as to the allegations contained in paragraph numbered 15 of the plaintiff's Complaint.

16.    Investigator Jones is without knowledge or information sufficient to form a basis of belief as to the allegations contained in paragraph numbered 16 of the plaintiff's Complaint.

17.    In response to the allegations contained in paragraph numbered 17 of the plaintiff's Complaint, Investigator Jones admits upon information and belief that the plaintiff was acquitted or otherwise released from custody at some date but is without knowledge or information sufficient to form a basis of belief as to the remaining allegations contained in said paragraph.

18.    Investigator Jones denies the allegations contained in paragraph numbered 18 of the plaintiff's Complaint.

19.    In response to the allegations contained in paragraph numbered 19 of the plaintiff's Complaint, Investigator Jones is without knowledge or information sufficient to form a basis of belief as to the allegations but denies that such allegation, if proven true, equates to or establishes a lack of probable cause.

20.    Investigator Jones denies the allegations contained in paragraph numbered 20 of the plaintiff's Complaint.

21.    In response to the allegations contained in paragraph numbered 21 of the plaintiff's Complaint, Investigator Jones admits that the plaintiff is larger than his wife; is without knowledge or information sufficient to form a basis of belief as to the remaining allegations contained in said paragraph; and denies that such allegation, if proven true, equates to or establishes a lack of probable cause.

22.    In response to the allegations contained in paragraph numbered 22 of the plaintiff's Complaint, Investigator Jones is without knowledge or information sufficient to form

a basis of belief as to how many times the plaintiff may have called the police but denies the remaining allegations contained in said paragraph.

23.     In response to the allegations contained in paragraph numbered 23 of the plaintiff's Complaint, Investigator Jones is without knowledge or information sufficient to form a basis of belief as to the contents of the video referenced in said paragraph or the specific video referenced by the plaintiff, but denies that such allegation, if proven true, equates to or establishes a lack of probable cause.

24.     Investigator Jones hereby incorporates by reference all of the preceding paragraphs and defenses set forth above.

25.     Paragraph numbered 25 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, Investigator Jones states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated said right.

26.     Investigator Jones denies the allegations contained in paragraph numbered 26 of the plaintiff's Complaint.

27.     Investigator Jones denies the allegations contained in paragraph numbered 27 of the plaintiff's Complaint.

28.     Investigator Jones denies the allegations contained in paragraph numbered 28 of the plaintiff's Complaint.

29.     Investigator Jones denies the allegations contained in paragraph numbered 29 of the plaintiff's Complaint.

30.     In response to the allegations contained in paragraph numbered 30 of the plaintiff's Complaint, Investigator Jones admits that any involvement with the investigation and

arrest of the plaintiff would have occurred in her capacity as a law enforcement investigator for the Richmond County Sheriff's Department, but denies that she engaged in the "above-described acts" alleged in the plaintiff's Complaint except to the extent otherwise expressly admitted to herein.

31.     Investigator Jones denies the allegations contained in paragraph numbered 31 of the plaintiff's Complaint.

32.     Investigator Jones hereby incorporates by reference all of the preceding paragraphs and defenses set forth above.

33.     Paragraph numbered 33 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, Investigator Jones states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she violated said right.

34.     Investigator Jones denies the allegations contained in paragraph numbered 34 of the plaintiff's Complaint.

35.     Investigator Jones hereby incorporates by reference all of the preceding paragraphs and defenses set forth above.

36.     Paragraph numbered 36 of the plaintiff's Complaint is a legal argument for which no response is necessary. To the extent a response is necessary, Investigator Jones states that the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she committed the common law (or other) tort of malicious prosecution.

37.     In response to the allegations contained in paragraph numbered 37 of the plaintiff's Complaint, Investigator Jones admits that she requested arrest warrants for the plaintiff and that a magistrate judge issued arrest warrants for the plaintiff, but states that the rest

of the paragraph calls for a legal conclusion for which strict proof is required; is not a proper pleading; and denies that she committed any wrongful act.

38.    Investigator Jones denies the allegations contained in paragraph numbered 38 of the plaintiff's Complaint.

39.    Investigator Jones admits upon information and belief that the plaintiff was acquitted at trial or otherwise released from custody.

40.    Investigator Jones denies the allegations contained in paragraph numbered 40 of the plaintiff's Complaint.

<u>**SIXTEENTH DEFENSE**</u>

Any allegations contained in the plaintiff's Complaint that are not admitted, denied, or otherwise specifically responded to above are hereby specifically denied.

WHEREFORE, Investigator Jones prays that the plaintiff's Complaint against her be dismissed with all attorney's fees and costs charged to the plaintiff.

This 12th day of May, 2025.

*/s/ William J. Keogh, III*
WILLIAM J. KEOGH, III
Georgia Bar No. 415781
DAVIS A. DUNAWAY
Georgia Bar No. 232902
*Attorneys for Defendant Britney Jones*

HULL BARRETT, P.C.
801 Broad Street, 7th Floor
Augusta, GA 30901
(706) 722-4481 (Telephone)
(706) 722-9779 (Facsimile)
wkeogh@hullbarrett.com
ddunaway@hullbarrett.com

{02173940-1}                    10

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day electronically filed the foregoing **Answer of**

**Defendant Britney Jones** with the Clerk of Court using the NextGen CM/ECF system and

served upon counsel of record by electronic filing as follows:

William H. Newman, Esq.
Oberheiden, PC
30 Wall Street, Eighth Floor
New York, New York 10005
will@federal-lawyer.com
(202) 970-9468

This 12th day of May, 2025.

/s/ William J. Keogh, III
WILLIAM J. KEOGH, III
Georgia Bar No. 415781
*Attorney for Defendant Britney Jones*

HULL BARRETT, P.C.
801 Broad Street, 7th Floor
Augusta, GA 30901
(706) 722-4481 (Telephone)
(706) 722-9779 (Facsimile)
wkeogh@hullbarrett.com

{02173940-1}